UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SALAH N. OSSEIRAN, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Civil Action No. 1-06-CV-0336 RWR |
| ) | |
| INTERNATIONAL FINANCE ) | |
| CORPORATION, ) | |
| ) | |
| *Defendant*. ) | |

**REPORT PURSUANT TO LOCAL RULE 16.3(d)**

Pursuant to LCvR 16.3, the parties submit the following report:

**Preliminary Statements:** The parties have been unable to reach agreement on whether a scheduling order should be issued at this time and whether discovery should commence. The parties have the following positions:

**Plaintiff:** Plaintiff believes that the stock sale it seeks to have enjoined has not yet occurred and that discovery is likely to provide ground for a final judgment of permanent injunction and should therefore proceed forthwith in accordance with the attached Scheduling Order.

**Defendant:** While Defendant IFC does not object to the filing of this Joint Report, Defendant contends that it should not be forced to litigate this case until all issues pertaining to its immunity have been fully and finally resolved. IFC has moved to dismiss the complaint against it on grounds that, *inter alia*, IFC is immune from jurisdiction and suit under the International Organizations Immunities Act ("IOIA") and IFC's Articles of Agreement. IFC's immunity is derived from the absolute immunity accorded to sovereign states in 1945. *Atkinson*

*v. Inter-America Development Bank*, 156 F.3d 1335, 1341 (D.C. Cir. 1998).  Sovereign immunity is immunity from suit and the attendant burdens of litigation – not just immunity from jurisdiction.  *See Jungquist v. Sheikh Sultan Bin Khalifa Al Nahyan,* 115 F.3d 1020, 1027-28 (D.C. 1997); *Gould, Inc., v.  Pechiney Ugine Kuhlmann,* 853 F.2d 445, 451 (6th Cir. 1988).  Accordingly, until IFC's immunity issues are resolved, IFC cannot be forced to proceed with the normal course of discovery, including committing itself to initial disclosures, a discovery plan and the remaining issues addressed in this report.  Furthermore, because any decision as to the threshold immunity issue, including any decision to order discovery, is subject to an interlocutory appeal as of right under the collateral order doctrine, proposal or entry of a scheduling order prior to the determination of IFC's motion to dismiss is premature.  *See, e.g., In re Papandreou,* 139 F.3d 247, 249-50 (D.C. Cir. 1998) (appeal and reversal of order to allow depositions).  IFC contends that any discussion or order concerning discovery or pretrial litigation is premature.  IFC's objection applies to each and every category described in this report.

**Dispositive Motions.**  Defendant's motion to dismiss the complaint is pending and is expected to be fully briefed on May 8, 2006.   In the meantime, Plaintiff has filed an Amended Complaint.  Because the Amended Complaint does not differ substantially from the original, the parties have agreed and stipulated that the currently pending motion to dismiss can be considered as a motion to dismiss the Amended Complaint without the necessity of refiling the motion and opposition papers that are already before the Court.

**Amendment of Pleadings/Additional Parties.**  As noted, Plaintiff filed an amended complaint on April 24, 2006.  Plaintiff does not presently contemplate the filing of a further amended complaint.  The parties do not anticipate the joining of additional parties.

**Magistrate Judge.**  The parties do not believe the case should be assigned to a magistrate judge for purposes other than resolving discovery disputes.

**Settlement.**  Plaintiff believes a settlement might be possible following pretrial discovery.  Defendant disagrees and does not believe the case will be settled.

**Alternative Dispute Resolution.**  Plaintiff believes that the parties should address the appropriateness of ADR following the Court's disposition of the pending motion to dismiss and completion of significant discovery.  Defendant does not believe any ADR will be appropriate or necessary.

**Summary Judgment.**  Plaintiff does not believe that the case can be resolved by summary judgment.  Defendant believes that it will be resolved by summary judgment should it survive the motion to dismiss and any subsequent appeals.

**Initial Disclosures.**  Plaintiff does not wish to dispense with the initial disclosures contemplated by Fed. R. Civ. P. 26(a)(1).  Defendant believes they are unnecessary in this case and, in any event, inappropriate prior to resolution of its immunity-related issues.

**Discovery.**  Should this case reach the discovery stage, the parties anticipate that all discovery should take no more than six months, and that each side should be limited to six depositions and 20 written interrogatories.  Defendant notes that discovery may raise additional immunity issues that may delay the completion of discovery.

**Experts.**  The parties do not perceive any reason for modification of the requirements of F.R.Civ.P. 26(a)(2) relating to expert witness reports and information.

**Bifurcation.**  The parties do not believe trial or discovery should be bifurcated or managed in phases.

**Pretrial Conference.** The parties request a Pretrial Conference be scheduled approximately 30 days after the close of all discovery.

**Trial.** The Court should set a trial date at the pretrial conference.

**Scheduling Order:** Plaintiff has attached a proposed scheduling order. Defendant believes that it is inappropriate for the Court to enter a Scheduling Order before all issues related to its immunity are fully and finally resolved, as discussed in Defendant's preliminary statement.

Respectfully submitted,

/s/ ALEX BLANTON_____
Alex Blanton (DC Bar No. 169623)
Michael Joseph (DC Bar No. 6593)
 Blank Rome LLP
 600 New Hampshire Ave. NW
 Washington, D.C. 20037
 (202) 772-5909
 blanton@blankrome.com

*Counsel for plaintiff Salah N. Osseiran*


/s/ FRANCIS A. VASQUEZ, JR._____
Francis A. Vasquez, Jr. (D.C. Bar No. 442161)
 White & Case LLP
 701 Thirteenth Street, NW
 Washington, D.C. 20005
 202-626-3603
 Fax: 202-639-9355
 fvasquez@whitecase.com

*Counsel for defendant International Finance Corporation*

4

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SALAH N. OSSEIRAN, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1-06-CV-0336 RWR |
| | ) | |
| INTERNATIONAL FINANCE CORPORATION, | ) ) | |
| | ) | |
| *Defendant*. | ) | |

## SCHEDULING ORDER

Upon consideration of the representations made in court by the parties at the

\_\_\_\_\_, 2006 initial scheduling conference, it is hereby

ORDERED that:

1.      This case shall proceed with the following deadlines:

| | |
|---|---|
| Initial disclosures | [15 days following order] |
| Plaintiff's expert witness designations | [3 months] |
| Defendant's expert witness designations | [4 months] |
| <u>All</u> discovery closed | [6 months] |
| Dispositive motions | [7 months] |

2.      Each side is limited to a maximum of six depositions and each party is limited to a maximum of 20 interrogatories.

3.      The post-discovery status conference is scheduled for _____2006 at \_.m. Parties must bring full settlement authority to this conference. If settlement is not reached, a pretrial conference and trial date will be selected. Parties must be prepared at the status conference to advise the Court of the expected length of trial and of the number of fact and expert witnesses that each party will present, and whether the electronic courtroom will be needed. Trial counsel themselves must appear at all hearings, unless excused by the Court in advance of the hearing date.

4. **Court dates and the deadline for the close of discovery may be continued only by leave of the undersigned.** A motion for a continuance of a court date must include alternative dates that have been agreed to by all parties. Failure to provide such information may result in denial of the motion.

5. **Deadlines (other than the deadline for the close of discovery) and discovery limits may be altered, when all parties consent, by the filing of a Consent Notice specifying the altered deadlines or limits and stating all parties' consent. The altered deadlines or limits shall be effective upon the filing of the Consent Notice; no court Order shall be required.**

6. Any motion that does not comply with Local Civil Rule 7(c) or 7(m) may be *sua sponte*, denied. Every motion for summary judgment and opposition to such a motion must comply with Local Civil Rule 56.1. If an opposition fails to include either a separate concise statement of genuine disputed issues, or specific references to the part of the record relied upon to support the statement, or both, the court may treat as conceded any facts asserted in the movant's statement of genuine issues.

7. The parties and their counsel are expected to evaluate their respective cases for settlement purposes. Submission to alternative dispute resolution, e.g., mediation or neutral evaluation, is encouraged and available upon request to the Court at any time, as is a settlement conference before a magistrate judge. If the case settles in whole in part, plaintiff shall advise the Court by promptly filing a stipulation.

8. All discovery disputes shall be referred to a Magistrate Judge. Before bringing a discovery dispute to the magistrate Judge, the parties shall confer in good faith in an effort to resolve the discovery dispute, and parties are warned that failure to do so will result in sanctions.

9. There shall be a Pretrial Conference set at the post-discovery status conference. **Three weeks** in advance of the Pretrial Conference, parties are required to meet and prepare a Joint Pretrial Statement that must be submitted not less than **eleven days** prior to the Pretrial Conference in accordance with Local Civil Rule 16.5 (d) (5) and 16.5 (a) (2). At the meeting, parties must discuss and attempt to resolve all objections to exhibits (including as to authenticity) and all motion sin limine. The form for the Joint

Pretrial Statement is attached to this Order as Appendix A.  Separate Pretrial Statements may be struck, *sua sponte.*

      10.    Parties' written communication with the Court is to be by motion, opposition, and reply, rather than by letter. Oral inquiries concerning the status or scheduling of any pending matter shall be directed to the Courtroom Deputy Clerk, Ms. Linda Romero, (202) 354-3166, rather than to chambers.  If Ms. Romero is unavailable, such inquiries shall be directed to the staff person in the Clerk's Office designated as her substitute.  In an emergency, however, chambers can be reached at (202) 354-3400.

SIGNED this __ day of _____, 2006.

                                                        RICHARD W. ROBERTS
                                                        United States District Judge