**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| SALAH N. OSSEIRAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> INTERNATIONAL FINANCE CORPORATION, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 1-06-CV-0336 RWR |

**PLAINTIFF'S MOTION TO STAY PROCEEDINGS
ON DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

For the reasons set forth in the accompanying memorandum, plaintiff Salah N. Osseiran moves for an order staying further proceedings on defendant International Finance Corporation's pending Motion to Dismiss the Complaint until plaintiff has had an opportunity to conduct discovery to secure and present evidence relevant to the disputed jurisdictional facts.

/s/ ALEX BLANTON
Alex Blanton (D.C. Bar No. 169623)
Michael Joseph (DC Bar No. 6593)
BLANK ROME, LLP
600 New Hampshire Ave., NW
Washington, D.C. 20037
202-772-5909
Fax: 202-572-8357
E-mail: Blanton@BlankRome.com

*Counsel for plaintiff Salah N. Osseiran*

104890.00606/35777337v.1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| SALAH N. OSSEIRAN, | ) |
| *Plaintiff*, | ) |
| v. | ) Civil Action No. 1-06-CV-0336 RWR |
| INTERNATIONAL FINANCE CORPORATION, | ) |
| *Defendant*. | ) |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION TO STAY PROCEEDINGS ON DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

This lawsuit arises out of plaintiff Salah N. Osseiran's attempt to purchase a controlling interest in the Middle East Capital Group (MECG), a closely held merchant banking and finance institution incorporated in Guernsey, Channel Islands with its principal place of business in Beirut, Lebanon. In his Amended Complaint, filed on April 24, 2006, Mr. Osseiran claims that defendant International Finance Corporation (IFC) (a) breached a November 2005 Stock Sale Agreement and a September 2005 Confidentiality Agreement and (b) was bound by promissory estoppel to sell its MECG shares to Osseiran based on affirmative representations and promises it made to Osseiran in December 2005-February 2006. Because of IFC's misfeasance, Osseiran, rather than acquiring a controlling interest in MECG was left with a large minority position in a money-losing company over which he had no control.

As shown below, IFC has, by its own arguments, forced the Court to postpone a decision on IFC's pending Motion to Dismiss the Complaint until after plaintiff has had an opportunity to conduct discovery on the merits of his claims.

In its pending motion, IFC argues that this Court lacks subject matter jurisdiction over plaintiff's breach-of-contract and promissory-estoppel claims, because IFC is immune from this lawsuit under the International Organization Immunities Act and IFC's Articles of Agreement. In so doing, IFC acknowledges that the "corresponding benefits" waiver of immunity enunciated in *Mendaro v. World Bank*, 717 F.2d 610, 617 (D.C. Cir. 1983), would apply if the agreements on which Osseiran's claims are based were "binding, final and enforceable." IFC's Memorandum of Law in Support of Its Motion to Dismiss the Complaint, filed March 20, 2006, at 30 ("Because there is no binding, final and enforceable agreement between Plaintiff and IFC, Plaintiff is not the type of party for whom IFC would need to waive its immunities and permit suit in order to achieve its chartered objectives."); IFC's Reply in Support of Its Motion to Dismiss the Amended Complaint, filed May 8, 2006, at 2.

Under IFC's argument, the jurisdictional issue that the Court must address before deciding IFC's immunity defense—whether the agreements and affirmative representations on which plaintiff relies are "binding, final and enforceable"—is the same as the ultimate issue on the merits of this lawsuit. Thus plaintiff argues that the Court should, for purposes of IFC's motion to dismiss, assume that the agreements and representations alleged in the complaint are enforceable (Plaintiff's Opposition to Defendant's Motion to Dismiss the Complaint, filed April 24, 2006, at 6) and deny IFC's immunity defense, thus permitting the parties to conduct discovery on the merits of plaintiff's claims.

In response, IFC argues, citing *Phoenix Consulting Inc. v. Republic of Angola*, 216 F.3d 36, 40 (D.C. Cir. 2000), that in deciding its immunity defense, "the Court must resolve any disputed facts necessary to its jurisdictional determination, and may do so

by going beyond the pleadings and without accepting as true the complaint's allegations." IFC Reply at 2. IFC thus concludes that the court "must resolve the disputed fact of whether there was an enforceable agreement between IFC and Plaintiff, including an enforceable 'confidentiality agreement,' and whether plaintiff was justified in relying on any such purported agreement." *Id.* at 3.

What IFC fails to tell the Court is that the *Phoenix Consulting* case (on which it relies) after directing district courts to resolve factual disputes in deciding motions to dismiss based on immunity, further directed that before resolving such disputed issues of fact, the court must permit such discovery as may be necessary to present the evidence relevant to the disputed jurisdictional facts. "The district court retains considerable latitude in devising the procedures it will follow to ferret out the facts pertinent to jurisdiction, but it must give the plaintiff ample opportunity to secure and present evidence relevant to the existence of jurisdiction." 216 F.3d at 40 (emphasis added).

By its own argument, IFC has put the Court into a position in which it cannot decide IFC's motion to dismiss until plaintiff has had an opportunity to discover the facts necessary to demonstrate that the agreements and representations on which he relies are "binding, final and enforceable." For that reason, the Court should issue an order staying further proceedings on IFC's pending Motion to Dismiss the Complaint for 180 days during which plaintiff may conduct discovery to secure and present evidence relevant to these disputed jurisdictional facts. An appropriate order is attached.

/s/ ALEX BLANTON
Alex Blanton (D.C. Bar No. 169623)
Michael Joseph (DC Bar No. 6593)
BLANK ROME, LLP

- 3 -

600 New Hampshire Ave., NW
Washington, D.C. 20037
202-772-5909
Fax: 202-572-8357
E-mail: blanton@blankrome.com

*Counsel for plaintiff Salah N. Osseiran*

- 4 -