UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| SALAH N. OSSEIRAN, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Civil Action No. 1-06-CV-0336 RWR |
| ) | |
| INTERNATIONAL FINANCE ) | |
| CORPORATION, ) | |
| ) | |
| *Defendant*. ) | |
| ) | |

**DEFENDANT INTERNATIONAL FINANCE CORPORATION'S
MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO PLAINTIFF'S MOTION TO STAY PROCEEDINGS**

WHITE & CASE LLP

Francis A. Vasquez, Jr. (D.C. Bar No. 442161)
Frank Panopoulos (D.C. Bar No. 459365)
701 Thirteenth Street, N.W.
Washington, D.C. 20005-3807
(202) 626-3600

*Attorneys for International Finance Corporation*

March 9, 2007

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

I.   JURISDICTIONAL DISCOVERY IN IMMUNITY CASES—IF ALLOWED AT ALL—IS CIRCUMSCRIBED AND NARROWLY TAILORED ..................................... 2

     A.   IFC's Immunity Encompasses Immunity From Suit And The Attendant Burdens Of Litigation, Including Discovery .......................................................... 2

     B.   Jurisdictional Discovery In The Immunity Context Is Allowed Only When There Are Disputed Material Facts Necessary For A Jurisdictional Determination ........................................................................................................ 3

II.  PLAINTIFF FAILS TO MEET THE STANDARDS FOR JURISDICTIONAL DISCOVERY ..................................................................................................................... 5

     A.   The Substantial And Undisputed Facts Already In The Record Are Sufficient For A Jurisdictional Determination ....................................................... 5

     B.   Plaintiff Does Not Seek Limited Discovery On Particular Material Issues Of Fact .................................................................................................................. 7

III. THE COURT CAN DISMISS THIS CASE ON OTHER GROUNDS WITHOUT RESORTING TO UNNECESSARY DISCOVERY ........................................................... 8

CONCLUSION ............................................................................................................................... 9

## **INTRODUCTION**

Many months after Defendant International Finance Corporation ("IFC") filed its motion to dismiss, Plaintiff inexplicably now has filed a "motion to stay" the Court's determination of that motion in order to conduct jurisdictional discovery. There was no reason for jurisdictional discovery when IFC first raised its jurisdictional defenses, and Plaintiff did not request any such discovery. Nothing has changed in the interim to require jurisdictional discovery now.

Under the law addressing jurisdictional discovery in immunity cases, the Court must first assess that there is a material jurisdictional fact for which discovery is required and that is necessary for the Court to resolve IFC's motion. Plaintiff's motion puts the cart before the horse by presuming that such a material fact exists. Plaintiff has not identified any such fact and—more importantly—the Court has not made any finding that it cannot decide IFC's motion because of the existence of such a fact.

This principle—that before ordering jurisdictional discovery, a material fact must exist that is necessary to the Court's resolving the jurisdictional issue and for which discovery is required—is neither trifling nor to be treated lightly. IFC's immunity under the International Organizations Immunity Act of 1945 ("IOIA") is not just immunity from suit; it also includes immunity from discovery and the other burdens of litigation. As the D.C. Circuit has recognized, this right is so important that orders allowing premature discovery may be subject to immediate appeal. Plaintiff's transparent attempt to circumvent IFC's right to immunity and proceed straight to discovery "on the merits"—under the half-hearted guise of jurisdictional discovery—would eviscerate that immunity and subject IFC to the very burdens of litigation from which it is immune.

As set forth in IFC's motion papers, the jurisdictional issue before the Court is in essence a legal one set against the face of Plaintiff's submission: was there a binding share sale and

confidentiality agreement between IFC and Plaintiff.  IFC Reply in Support of its Motion to Dismiss the Amended Complaint ("IFC Reply") at 3 [Docket Entry No. 20].  All the jurisdictional facts necessary for the Court to make this determination are before it, namely, the emails, correspondence, and other documents *Plaintiff* incorporated by reference into his Amended Complaint.  IFC contends those documents contradict Plaintiff's conclusory allegations and establish as a matter of law that there was no binding agreement—a conclusion the Court also reached when it denied Plaintiff's motion for a preliminary injunction.  *See* IFC Reply at 3-4, 6.  For this reason alone, Plaintiff's motion must be denied.

## ARGUMENT

### I. JURISDICTIONAL DISCOVERY IN IMMUNITY CASES—IF ALLOWED AT ALL—IS CIRCUMSCRIBED AND NARROWLY TAILORED

#### A. IFC's Immunity Encompasses Immunity From Suit And The Attendant Burdens Of Litigation, Including Discovery

As argued in IFC's Memorandum of Law in Support of its Motion to Dismiss the Amended Complaint ("IFC Mem."), IFC is entitled to absolute immunity "from suit ***and every form of judicial process***" under the IOIA.  22 U.S.C. § 288a(b) (2005) (emphasis added); IFC Mem. at 29-33 [Docket Entry No. 10]; *Atkinson v. Inter-Am. Dev. Bank*, 156 F.3d 1335, 1340-41 (D.C. Cir. 1998) (holding that immunity under IOIA is co-extensive with the "virtually absolute immunity" accorded to foreign sovereigns in 1945).

IFC's immunity, like sovereign immunity, safeguards IFC not only from suit and liability, but also from the "attendant burdens of litigation," including discovery.  *In re Minister Papandreou*, 139 F.3d 247, 251 (D.C. Cir. 1998) (quoting *Foremost-McKesson, Inc. v. Islamic Republic of Iran*, 905 F.2d 438, 443 (D.C. Cir. 1990)); *Gould, Inc. v. Pechiney Ugine Kuhlmann*, 853 F.2d 445, 451 (6th Cir. 1988) (noting that sovereign immunity under the FSIA includes immunity from "extensive discovery and other extended proceedings . . . [that] may frustrate the

significance and benefit of entitlement to immunity from suit"). As such, an order of discovery in this context may be subject to an immediate appeal. *Papendreou*, 139 F.3d at 251 ("[A] trial court's denial of an immunity defense entitles the defendant to an immediate appeal . . . . The scope of jurisdictional discovery [in the immunity context] poses the same issue . . . . Here too, we think, immediate review is appropriate."); *see also Beecham v. Socialist People's Libyan Arab Jamahirya*, 424 F.3d 1109, 1112 (D.C. Cir. 2005) (appellate review may be appropriate "if the court orders jurisdictional discovery and clearly abuses its discretion in determining the scope"); *Wyatt v. Syrian Arab Republic*, No. Civ. A. 01-1628 (RMU), 2006 WL 1328263, at *1 (D.D.C. Apr. 27, 2006) (while appellate court cannot review order to submit discovery plans, "[t]his is not to say that the circuit court will not have appellate jurisdiction following today's jurisdictional discovery order").

> B.  **Jurisdictional Discovery In The Immunity Context Is Allowed Only When There Are Disputed Material Facts Necessary For A Jurisdictional Determination**

Plaintiff moves for discovery arguing that the Court "must give the plaintiff ample opportunity to secure and present evidence relevant to the existence of jurisdiction." Pl.'s Motion at 3 (citing *Phoenix Consulting, Inc. v. Republic of Angola*, 216 F.3d 36, 40 (D.C. Cir. 2000)). However, "a district court authorizing discovery to determine whether immunity bars jurisdiction must proceed with circumspection lest the evaluation of the immunity itself encroach unduly on the benefits the immunity was to ensure." *Papendreou*, 139 F.3d at 253. Where a defendant entitled to immunity raises that immunity as a jurisdictional defense, the Court instead must engage in a "delicate balancing between permitting discovery to substantiate exceptions to statutory . . . immunity and protecting a sovereign's . . . legitimate claim to immunity from discovery." *First-City, Texas-Houston, N.A. v. Rafidain Bank*, 150 F.3d 172, 176 (2d Cir. 1998). Indeed, in *Papendreou* the D.C. Circuit stated that jurisdictional discovery should not be resorted

to until other non-merits defenses are addressed. *Papendreou*, 139 F.3d at 254 ("[W]here a colorable claim of immunity is made, a trial court should . . . consider other potentially dispositive jurisdictional grounds before allowing [jurisdictional] discovery . . . .").

Critically, where there are no "facts [that] additional discovery could produce that would affect [the Court's] jurisdictional analysis," discovery should not be permitted. *Goodman Holdings v. Rafidain Bank*, 26 F.3d 1143, 1147 (D.C. Cir. 1994). Likewise, if the party seeking jurisdictional discovery relies upon speculative and conclusory allegations, the Court need not allow discovery on the immunity issue. *See*, *e.g.*, *Arriba Ltd. v. Petroleos Mexicanos*, 962 F.2d 528, 537 n.17 (5th Cir. 1992) (dismissing case and denying discovery where alleged facts were speculative and conclusory); *Millicom Int'l Cellular, S.A. v. Republic of Costa Rica*, No. Civ. A. 96-315 (RMU), 1997 WL 527340, at *1, *7 (D.D.C. Aug. 18, 1997) (denying discovery of conclusory allegations and purely legal issues); *El-Fadl v. Central Bank of Jordan*, 75 F.3d 668, 671 (D.C. Cir. 1996) (affirming dismissal of case against defendant on sovereign immunity grounds: "[Plaintiff] is not entitled to discovery against [defendant] because, in light of the evidence that [defendant] proffered to the district court and the absence of any showing by [plaintiff] that [defendant] was not acting in his official capacity, discovery would 'frustrate the significance and benefit of entitlement to immunity from suit'").

Even where the Court decides that there are material facts necessary to its jurisdictional determination that require discovery, the Court may only permit limited discovery narrowly tailored to those facts. *Phoenix Consulting*, 216 F.3d at 40 ("In order to avoid burdening a sovereign that proves to be immune from suit . . . jurisdictional discovery should be ***carefully controlled and limited*** . . . .") (emphasis added); *Gould*, 853 F.2d at 451 ("[D]iscovery and fact-finding should be ***limited to the essentials necessary to determining*** the preliminary question of

jurisdiction.") (emphasis added); *First City*, 150 F.3d at 176 (holding that discovery should be ordered "circumspectly and only to verify allegations of specific facts crucial to an immunity determination"). Accordingly, the Court must "***precisely define[] the procedures*** which will permit it . . . to adequately address" IFC's immunity defenses. *Gould*, 853 F.2d at 451; *see also Gabay v. Mostazafan Foundation of Iran*, 151 F.R.D. 250, 257 (S.D.N.Y. 1993) (requiring plaintiff to "submit an appropriately limited discovery plan . . . ***setting forth with specificity*** the factual allegations he hopes to prove and the method by which he proposes to do so") (emphasis added).

## II. PLAINTIFF FAILS TO MEET THE STANDARDS FOR JURISDICTIONAL DISCOVERY

Plaintiff's motion must fail because it (1) seeks discovery of additional facts that would not affect the Court's jurisdictional analysis and (2) impermissibly asks for sweeping "discovery on the merits of [Plaintiff's] claims." Pl.'s Motion at 1. This Plaintiff cannot do. *See Goodman*, 26 F.3d at 1147 (denying request for discovery where there were no additional facts that could affect the jurisdictional analysis); *First City*, 150 F.3d at 176 ("[U]ntil [Plaintiff] has shown a reasonable basis for assuming jurisdiction, []he is not entitled to any other discovery.").

### A. The Substantial And Undisputed Facts Already In The Record Are Sufficient For A Jurisdictional Determination

The Court already has before it all the facts necessary to make the jurisdictional determination—i.e., to decide that IFC did not relinquish its immunity to Plaintiff under the "corresponding-benefits" analysis because the parties never concluded the alleged share sale agreement. *See* IFC Reply at 4, 6. The emails and documents referenced by and incorporated into the Amended Complaint establish that Plaintiff and IFC were still in the process of negotiating, had not agreed on all material terms of the sale, and did not intend to be bound until there was an executed sales agreement and bank guarantees, among other required

-5-

documentation. *Id.* at 4-7. Plaintiff himself acknowledges that the correspondence and documentation he has "obtained and produced" constitute "***substantial evidence***" on this issue. Plaintiff's Opposition to IFC's Motion at 10 (emphasis added) [Docket Entry No. 15].

Upon reviewing this "substantial evidence," the Court concluded at the March 28, 2006 hearing on Plaintiff's motion for a preliminary injunction that neither Plaintiff nor IFC intended to be bound, or were bound, by these preliminary exchanges:

> The ***undisputed evidence*** in this case shows that at no time in the November 2005 e-mails or in the exchange of draft agreements in December 2005 that either party intended to be bound. In e-mail exchanges in November, the plaintiff accepted that IFC's acceptance is subject to documentation and that the agreement will come into force for the sale of the shares only after the written sales agreement is signed. The draft sales agreement explicitly notes on the front of it that neither party intends to be bound by the draft agreement.

IFC Reply at 3-4 (citing March 28 Hr'g Tr. at 59:11-19) (emphasis added); *id.* at 6 ("[T]he undisputed written documents here show that the plaintiff could not have reasonably relied on any assurances or promises that Bilsen or anybody else from IFC provided over the phone where the documents indicate that a negotiation was in progress and that IFC was not bound by the discussions.") (citing March 28 Hr'g Tr. at 61:6-15).

Given the undisputed facts before the Court, Plaintiff's reliance on *Phoenix Consulting* (Pl.'s Motion at 3) is misplaced. In that case, the plaintiff proffered evidence of a written building purchase agreement and argued that the contract's choice-of-law provision served as a waiver of the defendant's sovereign immunity. 216 F.3d at 38-39. The defendant, in turn, submitted a sworn declaration that the contract was a forgery, leading the court to order jurisdictional discovery to resolve the "factual dispute material to its subject matter jurisdiction"—i.e., the validity of the written agreement. *Id.* at 41. In the instant case, by comparison, Plaintiff does not allege that a final written contract was ever executed, and neither

Plaintiff nor IFC contests the validity of the emails and correspondence which Plaintiff incorporates by reference in the Amended Complaint.

Because the record contains all of the facts necessary to determine whether IFC and Plaintiff executed a final, binding share sale agreement, the Court may—and must to preserve IFC's rights to immunity—make its jurisdictional determination without ordering the discovery of additional facts. *See Goodman*, 26 F.3d at 1147.

### B. Plaintiff Does Not Seek Limited Discovery On Particular Material Issues Of Fact

Instead of seeking limited discovery on a material fact and showing how discovery on that fact would assist the Court's jurisdictional determination, Plaintiff seeks a full six months (180 days) in which to, admittedly, "conduct discovery on the merits of his claims." Pl.'s Motion at 1, 3. This overt attempt to circumvent IFC's immunity from suit and proceed straight to discovery on the merits is impermissible. As the *Papandreou* court instructed, a district court authorizing jurisdictional discovery to determine immunity must proceed with circumspection, "***lest the evaluation of the immunity itself encroach unduly on the benefits the immunity was to ensure***." *Papandreou*, 139 F.3d at 253 (emphasis added).

Thus, if the Court finds that there is a disputed material fact necessary to decide the immunity question, it cannot order general discovery but only discovery that is properly "limited to the essentials necessary to determining the preliminary question of jurisdiction." *Gould*, 853 F.2d at 451. As such, even if Plaintiff were entitled to jurisdictional discovery—which he is not—the Court would have to require Plaintiff to submit an "appropriately limited discovery plan" that specifically identifies those narrowly focused factual allegations he hopes to prove that are necessary for the Court's jurisdictional determination, and the means by which he proposes to do so. *Gabay*, 151 F.R.D. at 257. Plaintiff's open-ended request for discovery on "the facts

necessary to demonstrate that the agreements and representations on which he relies are 'binding, final and enforceable'" (Pl.'s Motion at 3) is too broad, open-ended and vague for jurisdictional discovery under the standards discussed above. Such an order would be subject to immediate challenge or interlocutory appeal. *See Papendreou*, 139 F.3d at 251; *see also Beecham*, 424 F.3d at 1112; *Wyatt*, 2006 WL 1328263, at *1.

### III.  THE COURT CAN DISMISS THIS CASE ON OTHER GROUNDS WITHOUT RESORTING TO UNNECESSARY DISCOVERY

Even if the Court ultimately determines that jurisdictional discovery is warranted in this case, under *Papandreou* it should not order such discovery until it has first addressed the forum non conveniens defense raised in IFC's motion to dismiss. According to the D.C. Circuit, jurisdictional discovery "***should not be raised at all*** if the defendant raises either a different jurisdictional or an other non-merits ground such as forum non conveniens . . . the resolution of which would impose a lesser burden upon the defendant." *Phoenix Consulting*, 216 F.3d at 40 (quotation omitted) (emphasis added); *Papendreou*, 139 F.3d at 254 ("Immunity should reduce the expenses, in time and inconvenience, imposed on foreign sovereigns by litigation in U.S. courts. It would be bizarre if an assertion of immunity worked to increase litigation costs via jurisdictional discovery, to the neglect of swifter routes to dismissal.").

IFC argues that Guernsey is an appropriate and convenient forum for the adjudication of this action, while the only nexus to the District of Columbia is the presence of IFC's headquarters here—a fact of no legal significance to Plaintiff's claims, which are based on events and acts outside the District. IFC Mem. at 5-12; IFC Reply at 13-15. Accordingly, even if Plaintiff had properly set forth grounds to pursue limited jurisdictional discovery—which he has not—the Court should dismiss the Amended Complaint on the grounds of forum non conveniens.

Moreover, there are several other reasons this case should be dismissed immediately without discovery of any kind. Plaintiff's allegations of breach of contract, promissory estoppel, and breach of a confidentiality agreement are all conclusory legal arguments unsupported—and, in fact, contradicted—by the documents incorporated in the Amended Complaint. IFC Reply at 8-13. Plaintiff's own documents establish that Plaintiff and IFC had not reached agreement on all material terms of the sale and did not intend to be bound until the execution of a final, written agreement; that IFC made no definite promises on which Plaintiff could have reasonably relied; and that there was no confidentiality agreement in place between the parties. *Id.* Because the undisputed facts demonstrate that Plaintiff has failed to state a claim on any Count, the Court should dismiss the Amended Complaint without ordering discovery.

## CONCLUSION

For the foregoing reasons and those in IFC's Memorandum of Law and Reply in Support of its Motion to Dismiss, the Court should deny Plaintiff's Motion to Stay Proceedings and, further, grant IFC's Motion to Dismiss the Amended Complaint.

Dated: Washington, D.C.
       March 9, 2007

Respectfully submitted,

**WHITE & CASE** LLP

/ S / Francis A. Vasquez, Jr.
Francis A. Vasquez, Jr. (D.C. Bar No. 442161)
Frank Panopoulos (D.C. Bar No. 459365)
701 Thirteenth Street, N.W.
Washington, D.C. 20005-3807
(202) 626-3600

*Attorneys for International Finance Corporation*