**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| SALAH N. OSSEIRAN, | ) | |
| *Plaintiff,* | ) ) ) | |
| v. | ) ) | Civil Action No. 1-06-CV-0336 RWR |
| INTERNATIONAL FINANCE CORPORATION, | ) ) ) | |
| *Defendant.* | ) ) | |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STAY PROCEEDINGS ON DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

Having previously argued that it is immune from plaintiff's lawsuit because the agreements on which plaintiff relies are not "binding, final and enforceable," defendant International Finance Corporation now urges the Court to deny plaintiff an opportunity to discover evidence by which he can demonstrate that the agreements were binding, final and enforceable. The Court should reject this unjust manipulation of the immunity defense.

**A. The Discovery Plaintiff Seeks Is Limited to Unresolved Material Jurisdictional Facts that the Defendant Has Placed at Issue.**

Plaintiff agrees with IFC's assertion that jurisdictional discovery must be "limited to the essentials necessary to determining the preliminary question of jurisdiction." Opp. at 7 (quoting *Gould, Inc. v. Pechiney Ugine Kuhlmann*, 853 F.2d 445, 451 (6th Cir. 1988). But under the circumstances present here, IFC cannot logically object to either the need for or the scope of the discovery plaintiff seeks.

IFC concedes that it has waived its immunity under the "corresponding-benefits" analysis (and that the Court thus has subject matter jurisdiction) with respect to lawsuits alleging that it had breached "<u>binding</u> share sale and confidentiality" agreements. Opp. at 2-3, 5 (emphasis added). It says that the waiver does not apply here, however, because the share sale and confidentiality agreements on which plaintiff's claims are based were not "binding, final and enforceable." Thus IFC has transformed the facts regarding the merits of plaintiff's claims—whether the agreements alleged in the complaint, with which IFC admittedly failed to comply, are binding, final and enforceable—into disputed jurisdictional facts that the Court must resolve before deciding IFC's immunity defense.

Plaintiff believes that IFC is mistaken in this regard, that plaintiff's good-faith allegation of an enforceable agreement is sufficient to invoke the "corresponding benefits" waiver of immunity, and that the Court should deny IFC's motion. If IFC is correct, however, whether the agreements on which plaintiff's claims are based are binding, final and enforceable become disputed jurisdictional facts. And the Court cannot grant IFC's motion to dismiss plaintiff's claims for lack of subject matter jurisdiction without first giving plaintiff "ample opportunity to secure and present evidence relevant to the existence of" those disputed jurisdictional facts. *Phoenix Consulting Inc. v. Republic of Angola*, 216 F.3d 36, 40 (D.C. Cir. 2000).

Unlike IFC, the defendants in the cases on which IFC relies did not base their immunity defenses on the merits of the plaintiffs' claims. The jurisdictional issue in each of those cases was whether the defendant's actions qualified as commercial activity under the Foreign Sovereign Immunities Act or another such collateral issue that did not implicate the merits of the plaintiffs' claims. Thus the plaintiffs in those cases could

not, without first establishing jurisdiction, conduct discovery on the merits of their claims. Here, however, IFC says that the merits of plaintiff's claims is a jurisdictional issue. Consequently, simple justice prevents IFC from simultaneously (1) asserting that it is immune because plaintiff's claims lack merit and (2) preventing plaintiff, in seeking to refute that immunity defense, from conducting the discovery necessary to prove that its claims do not lack merit.

### B. Plaintiff's Claims Cannot Be Dismissed on Other Grounds Without Discovery.

IFC continues its erroneous assertion that plaintiff's claims can be dismissed solely by examining the "documents referenced by and incorporated into the Amended Complaint." Opp. 5. As plaintiff explained in his opposition to IFC's pending Motion to Dismiss, no documents were incorporated into the Amended Complaint, and plaintiff cannot be forced to rely on the documents referenced in his complaint or submitted in conjunction with his Motion for a Preliminary Injunction as the sole means of proving his claims. See Plaintiff's Opposition to Defendant's Motion to Dismiss the Complaint at 11 n.7. As alleged in the Amended Complaint, plaintiff reasonably believes that discovery will produce additional evidence to support his claims. *See, e.g.*, Amended Complaint ¶¶ 27, 30 (IFC informed third parties that it had sold its shares to plaintiff); *id.* ¶ 32 (a third party reported seeing IFC documents that confirmed that it had sold its shares to plaintiff). In any event, plaintiff's previous submission of some evidence in conjunction with his motion for a preliminary injunction does not vitiate the D.C. Circuit's edict, in *Phoenix Consulting*, that a plaintiff opposing a motion to dismiss for lack of subject matter jurisdiction must be given an opportunity to conduct discovery on

disputed jurisdictional facts.  The enforceability of the agreements on which plaintiff's claims are based is, according to IFC itself, such a jurisdictional fact.

Nor, as explained in plaintiff's Opposition to IFC's Motion to Dismiss (at 7), can the complaint be dismissed on grounds of forum non conveniens.  The Court's previous rejection of IFC's suggestion that plaintiff's claims should be governed by Guernsey law, which would have been the case's only practical connection to that jurisdiction, effectively eliminated Guernsey as a more convenient, or even appropriate, forum.  See attached transcript of hearing and decision on plaintiff's Motion for a Preliminary Injunction at 53-58.

## CONCLUSION

For the foregoing reasons as well as those set forth in plaintiff's supporting memorandum and plaintiff's opposition to IFC's Motion to Dismiss, the Court should grant plaintiff's motion for a stay pending discovery.

Respectfully submitted,

/s/ ALEX BLANTON
Alex Blanton (D.C. Bar No. 169623)
Michael Joseph (D.C. Bar No. 6593)
BLANK ROME, LLP
 600 New Hampshire Ave., NW
 Washington, D.C. 20037
 202-772-5909
 Fax: 202-572-8357
 E-mail:  blanton@blankrome.com

*Counsel for plaintiff Salah N. Osseiran*