UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| SALAH N. OSSEIRAN, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Civil Action No.  1-06-CV-0336 RWR |
| ) | |
| INTERNATIONAL FINANCE ) | |
| CORPORATION, ) | |
| ) | |
| *Defendant*. ) | |
| ) | |

**INTERNATIONAL FINANCE CORPORATION'S
ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant International Finance Corporation ("IFC"), by and through its undersigned attorneys, answers the allegations set forth in Plaintiff's Amended Complaint for Injunctive Relief and Damages (the "Amended Complaint") as follows:

1. IFC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 1 of the Amended Complaint, and therefore denies them.  IFC admits the allegations contained in the second sentence of paragraph 1 of the Amended Complaint.

2. IFC admits the allegations contained in the first sentence of paragraph 2 of the Amended Complaint.  IFC denies the allegations contained in the second sentence of paragraph 2, except to the extent it admits that IFC was a minority shareholder of Middle East Capital Group ("MECG") when Plaintiff filed the Amended Complaint on April 24, 2006.

3. IFC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 3 of the Amended Complaint, and

therefore denies them. IFC admits the allegations in the second sentence of paragraph 3 to the extent that Plaintiff approached IFC and Barclays Capital, another MECG shareholder, in September 2005 with a proposal to purchase their MECG shares. The allegations contained in the third sentence of paragraph 3 are conclusions of law, to which no response is required. To the extent a response is required, IFC denies the allegations contained in the third sentence of paragraph 3, and further answers that the Court has dismissed Plaintiff's breach-of-contract claim arising from the alleged "November agreement" for failure to state a claim upon which relief can be granted.

4.      The allegations contained in paragraph 4 of the Amended Complaint regarding Plaintiff's "reliance upon th[e] November agreement" are conclusions of law, to which no response is required. To the extent a response is required, IFC denies the allegation of a "November agreement," and further answers that the Court has dismissed Plaintiff's breach-of-contract claim arising from the alleged "November agreement" for failure to state a claim upon which relief can be granted. IFC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4 of the Amended Complaint, and therefore denies them.

5.      IFC denies the allegations contained in paragraph 5 of the Amended Complaint.

6.      The allegations contained in paragraph 6 of the Amended Complaint are conclusions of law, to which no response is required. To the extent a response is required, IFC denies the allegations in paragraph 6, and further answers that the Court has dismissed Plaintiff's breach-of-contract claim arising from the alleged "November agreement" for failure to state a claim upon which relief can be granted.

7. The allegations contained in paragraph 7 of the Amended Complaint regarding Plaintiff's "reliance upon the November agreement" are conclusions of law, to which no response is required. To the extent a response is required, IFC denies the allegation of a "November agreement," and further answers that the Court has dismissed Plaintiff's breach-of-contract claim arising from the alleged "November agreement" for failure to state a claim upon which relief can be granted. IFC further denies the allegations in paragraph 7 to the extent that IFC did not make "repeated promise[s] that it would soon execute the formal stock purchase agreement." IFC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7 of the Amended Complaint, and therefore denies them.

8. IFC denies the allegations contained in the first sentence of paragraph 8 of the Amended Complaint. IFC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 8 to the extent that they relate to knowledge purportedly obtained by Plaintiff on February 20, 2006, and therefore denies them. IFC admits the allegations contained in the second sentence of paragraph 8 to the extent that IFC entered into an agreement with other MECG shareholders contemplating the joint sale of MECG shares to a third party pursuant to a stock purchase agreement to be entered into no later than March 31, 2006.

9. The allegations contained in paragraph 9 of the Amended Complaint are conclusions of law and Plaintiff's characterization of the action, to which no response is required. To the extent a response is required, IFC denies the allegations contained in the first sentence of paragraph 9 of the Amended Complaint. IFC is without knowledge or information

sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 9, and therefore denies them.

10. The allegations contained in paragraph 10 of the Amended Complaint are conclusions of law and Plaintiff's characterization of the action, to which no response is required. To the extent a response is required, IFC denies the allegations contained in paragraph 10, including that Plaintiff is entitled to the injunctive relief he seeks.

## AS TO PARTIES

11. IFC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Amended Complaint, and therefore denies them.

12. IFC admits the allegations contained in paragraph 12 of the Amended Complaint.

## AS TO JURISDICTION AND VENUE

13. The allegations contained in paragraph 13 of the Amended Complaint are conclusions of law, to which no response is required. To the extent a response is required, IFC claims immunity from suit.

14. The allegations contained in paragraph 13 of the Amended Complaint are conclusions of law, to which no response is required.

## AS TO FACTS

15. IFC admits the allegations contained in the first sentence of paragraph 15 of the Amended Complaint. IFC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 15 of the Amended Complaint, and therefore denies them.

16. IFC admits the allegations contained in the first sentence of paragraph 16 of the Amended Complaint as of the date this action was filed. IFC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 16 of the Amended Complaint, and therefore denies them.

17. IFC admits the allegations contained in the first sentence of paragraph 17 of the Amended Complaint to the extent that, at the time Plaintiff filed the Amended Complaint, IFC owned approximately 30,000 shares of MECG stock, representing approximately 10.8 percent of MECG's outstanding shares. IFC admits the allegations contained in the second sentence of paragraph 17 to the extent that Plaintiff approached IFC in September 2005 with a proposal to purchase its shares in MECG. IFC otherwise denies the allegations contained in the second sentence of paragraph 17 of the Amended Complaint.

18. IFC admits the allegations contained in paragraph 18 of the Amended Complaint to the extent it was privy to communications between Plaintiff and Barclays Capital, but is otherwise without knowledge of those communications and therefore denies them.

19. IFC admits the allegations contained in the first sentence of paragraph 19 of the Amended Complaint. IFC denies the allegations contained in the second sentence of paragraph 19 of the Amended Complaint.

20. IFC admits the allegations contained in paragraph 20 of the Amended Complaint to the extent that Plaintiff and IFC proceeded with negotiations in the fall of 2005. IFC denies that Plaintiff made IFC aware in "the fall of 2005" of his objective to become the majority shareholder of MECG.

21. IFC denies the allegations contained in paragraph 21 of the Amended Complaint.

22. The allegations contained in paragraph 22 of the Amended Complaint are conclusions of law, to which no response is required. To the extent a response is required, IFC denies the allegations contained in paragraph 22, and further answers that the Court has dismissed Plaintiff's breach-of-contract claim arising from the alleged "November agreement" for failure to state a claim upon which relief can be granted.

23. The allegations contained in paragraph 23 of the Amended Complaint regarding Plaintiff's "reliance upon the November agreement" are conclusions of law, to which no response is required. To the extent a response is required, IFC denies the allegation of a "November agreement" and further answers that the Court has dismissed Plaintiff's breach-of-contract claim arising from the alleged "November agreement" for failure to state a claim upon which relief can be granted. IFC otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23.

24. IFC admits the allegations contained in the first sentence of paragraph 24 of the Amended Complaint. IFC denies the allegations contained in the second sentence of paragraph 24, and further answers that the Court has dismissed Plaintiff's breach-of-contract claim arising from the alleged "November agreement" for failure to state a claim upon which relief can be granted.

25. IFC states that the email speaks for itself and denies the allegations in paragraph 25 of the Amended Complaint to the extent they do not accurately reflect the contents of the email.

26. The allegations contained in paragraph 26 of the Amended Complaint that Plaintiff "authorized" IFC to communicate directly with his banks are conclusions of law, to

which no response is required. To the extent a response is required, IFC admits the allegations contained in paragraph 26 of the Amended Complaint.

27.     IFC denies the allegations contained in the first and second sentences of paragraph 27 of the Amended Complaint. IFC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of paragraph 27, and therefore denies them.

28.     IFC does not respond to the allegations contained in paragraph 28 of the Amended Complaint to the extent that they are conclusions of law, to which no response is required. To the extent a response is required, IFC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Amended Complaint, and therefore denies them.

29.     IFC admits the allegations contained in paragraph 29 of the Amended Complaint to the extent that Plaintiff sent an email to IFC on December 22, 2005. The contents of that email speak for themselves, and IFC denies the allegation to the extent it conflicts with the contents of the email. IFC denies the allegation of a "November agreement," and further answers that the Court has dismissed Plaintiff's breach-of-contract claim arising from the alleged "November agreement" for failure to state a claim upon which relief can be granted.

30.     IFC admits the allegations contained in the first sentence of paragraph 30 of the Amended Complaint to the extent that Plaintiff sent an email to IFC on December 22, 2005. The contents of that email speak for themselves, and IFC denies the allegation to the extent it conflicts with the contents of the email. The allegations contained in the second sentence of paragraph 30 are conclusions of law, to which no response is required. To the extent a response

7

is required, IFC denies the allegations contained in the second sentence of paragraph 30 of the Amended Complaint.

31.     IFC admits the allegations contained in paragraph 31 of the Amended Complaint to the extent that Plaintiff sent a letter to IFC on January 20, 2006.  The contents of that letter speak for themselves, and IFC denies the allegation to the extent it conflicts with the contents of the letter.

32.     IFC admits the allegations contained in the first sentence of paragraph 32 of the Amended Complaint to the extent that, at an MECG shareholders' meeting on February 8, 2006, MECG's Chief Executive Officer claimed he was aware of unidentified documents asserting that IFC had sold its shares to Plaintiff, but denies that such documents exist.  IFC is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 32 regarding what Plaintiff "believes," and otherwise denies the allegations contained in the second sentence of paragraph 32.  IFC further answers that the Court has dismissed Plaintiff's breach-of-contract claim arising from the alleged "November agreement" for failure to state a claim upon which relief can be granted.

33.     IFC denies the allegations contained in paragraph 33, and further answers the specific allegations contained in the subparagraphs to paragraph 33 as follows:

a.     IFC admits that there were communications on or about December 19, 2005, and admits the allegations contained in the first sentence of paragraph 33.a of the Amended Complaint to the extent that Jan van Bilsen told Plaintiff that IFC had decided not to sell its MECG shares at that time, but denies the characterization that there was a postponement of a closing.  IFC denies the allegations contained in the second sentence of paragraph 33.a of the Amended Complaint.

      b.    IFC admits that there were communications on or about January 24, 2006, but denies the allegations contained in paragraph 33.b of the Amended Complaint as to the content of those communications.

      c.    IFC admits that there were communications on or about January 25, 2006, but denies the allegations contained in paragraph 33.c of the Amended Complaint as to the content of those communications.

      d.    IFC denies the allegations contained in the first sentence of paragraph 33.d of the Amended Complaint. IFC admits the allegations contained in the second sentence of paragraph 33.d. to the extent that, after the February 8, 2006 MECG shareholders' meeting, Carmen Genovese told Plaintiff that IFC would have to consider all of the offers that had been presented and would be considered by the shareholders at a February 16, 2006 meeting. IFC otherwise denies the allegations contained in the second sentence of paragraph 33.d. IFC denies the allegations contained in the third sentence of paragraph 33.d. of the Amended Complaint. IFC denies the allegations contained in the fourth sentence of paragraph 33.d. of the Amended Complaint.

    34.    IFC does not respond to the allegations contained in paragraph 34 of the Amended Complaint to the extent that they state a conclusion of law, to which no response is required. To the extent a response is required, IFC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34, and further answers that the Court has dismissed Plaintiff's breach-of-contract claim arising from the alleged "November agreement" for failure to state a claim upon which relief can be granted.

35. IFC denies the allegations contained in paragraph 35 of the Amended Complaint, except to the extent that on February 10, 2006 First National Bank in Lebanon offered to purchase a minimum of 51 percent of MECG's stock at $66 per share.

36. IFC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Amended Complaint to the extent that they relate to knowledge purportedly obtained by Plaintiff on February 20, 2006, and therefore denies them. IFC admits the allegations contained in paragraph 36 to the extent that, on February 19, 2006, IFC entered into an agreement with other MECG shareholders contemplating the joint sale of MECG shares to a third party pursuant to a stock purchase agreement to be entered into no later than March 31, 2006.

## AS TO COUNT I

### (Breach of the November Agreement)

37-41. IFC repeats and fully incorporates herein its responses to the allegations contained in paragraphs 1 through 36 of the Amended Complaint. IFC states that the Court has dismissed Plaintiff's claim for breach of the "November agreement" for failure to state a claim upon which relief can be granted. IFC further answers that the allegations contained in paragraphs 38 through 41 of the Amended Complaint are conclusions of law, to which no response is required.

## AS TO COUNT II

### (Promissory Estoppel: Stock Sale)

42. IFC repeats and fully incorporates herein its responses to the allegations contained in paragraphs 1 through 41 of the Amended Complaint.

43. IFC denies the allegations contained in paragraph 43 of the Amended Complaint.

44. IFC does not respond to the allegations contained in paragraph 44 of the Amended Complaint to the extent that they state a conclusion of law, to which no response is required. To the extent a response is required, IFC denies the allegations contained in paragraph 44 with regard to IFC's "promise to sell its MECG shares to Osseiran." IFC otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Amended Complaint, and therefore denies them.

45. IFC does not respond to the allegations contained in paragraph 45 of the Amended Complaint to the extent that they state a conclusion of law, to which no response is required. To the extent a response is required, IFC denies the allegations in paragraph 45.

## AS TO COUNT III

### (Breach of Confidentiality Agreement)

46. IFC repeats and fully incorporates herein its responses to the allegations contained in paragraphs 1 through 45 of the Amended Complaint.

47. IFC denies the allegations contained in paragraph 47 of the Amended Complaint.

48. IFC denies the allegations contained in paragraph 48 of the Amended Complaint.

49. IFC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Amended Complaint, and therefore denies them.

50. IFC denies that Plaintiff is entitled to any relief requested in its "Prayer for Relief" set forth after paragraph 49 of the Amended Complaint, or to any relief whatsoever.

51. Any allegation not specifically admitted herein is denied.

**AFFIRMATIVE DEFENSES**

Without assuming any burden that it would not otherwise bear, and reserving the right to amend its Answer to assert additional defenses as they may become known in the future, IFC asserts the following separate and additional defenses to Plaintiff's claims.

FIRST AFFIRMATIVE DEFENSE

IFC is entitled to immunity in this action under the International Organizations Immunity Act of 1945 ("IOIA"), 22 U.S.C. § 288, and its Articles of Agreement.

SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to state any claims for which relief may be granted.

THIRD AFFIRMATIVE DEFENSE

Plaintiff's claim for Promissory Estoppel fails because Plaintiff comes before the Court with unclean hands.

FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim for Promissory Estoppel fails because, even if there was a promise, there was no reasonable reliance by Plaintiff.

FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claim for breach of Confidentiality Agreement fails for lack of consideration.

SIXTH AFFIRMATIVE DEFENSE

To the extent it is determined that there was a Confidentiality Agreement, Plaintiff is estopped from alleging breach of Confidentiality Agreement because he first breached the Confidentiality Agreement, and has waived any claim under such an agreement.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered any cognizable injury.

EIGHTH AFFIRMATIVE DEFENSE

To the extent Plaintiff has suffered a cognizable injury, such injury was not caused by the alleged conduct of IFC.

NINTH AFFIRMATIVE DEFENSE

To the extent Plaintiff suffered any damages, Plaintiff failed to mitigate them and would not have been damaged if he had.

TENTH AFFIRMATIVE DEFENSE

Plaintiff has commenced this action in an inconvenient forum.

**PRAYER FOR RELIEF**

WHEREFORE, IFC prays that the Complaint be dismissed with prejudice, that the Court enter judgment against Plaintiff and in favor of IFC, that the Court award IFC fees and costs, and that the Court grant such other and further relief as the Court may deem just and proper.

Dated: Washington, D.C.
August 20, 2007

Respectfully submitted,

WHITE & CASE LLP

/ s / Francis A. Vasquez, Jr.
Francis A. Vasquez, Jr. (D.C. Bar No. 442161)
Frank Panopoulos (D.C. Bar No. 459365)
701 Thirteenth Street, N.W.
Washington, D.C. 20005-3807
(202) 626-3600

*Attorneys for International Finance Corporation*