**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| SALAH N. OSSEIRAN, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| *v.* ) | Civil Action No. 1-06-CV-0336 RWR |
| ) | |
| INTERNATIONAL FINANCE CORPORATION, ) | |
| ) | |
| *Defendant.* ) | |
| ) | |

**PLAINTIFF'S MOTION FOR AN ORDER CANCELING**
**THE INITIAL SCHEDULING CONFERENCE NOW SET FOR AUGUST 30, 2007**

In light of Defendant International Finance Corporation's August 23, 2007 Notice of Appeal from this Court's July 27, 2007 denial of IFC's Motion to Dismiss based on immunity under the International Organizations Immunities Act of 1945, plaintiff Salah N. Osseiran moves for an order canceling the Initial Scheduling Conference set for August 30, 2007 and scheduling this case for a status conference during September 2007.

IFC has taken the position that its filing of a Notice of Appeal automatically transfers jurisdiction over all aspects of the case to the Court of Appeals and that this Court therefore has no jurisdiction to conduct any proceedings in this case. Plaintiff tends to agree, *see Princz v. Federal Republic of Germany*, 998 F.2d 1 (D.C. Cir. 1993) (denying a motion to stay proceedings pending decision on appeal as moot because appeal from denial of immunity under the Foreign Sovereign Immunities Act automatically stayed all proceedings in district court), but needs more time to assess his options prior to conceding that discovery cannot proceed at this time.

Accordingly, plaintiff moves for an order cancelling the Initial Scheduling Conference set for August 30, 2007 and setting this matter for a status conference during the latter half of September 2007.[1]

/s/ ALEX BLANTON
Alex Blanton (D.C. Bar No. 169623)
Michael Joseph (D.C. Bar No. 6593)
BLANK ROME, LLP
 600 New Hampshire Ave., NW
 Washington, D.C. 20037
 202-772-5909
 Fax: 202-572-8357
 E-mail: Blanton@BlankRome.com

*Counsel for plaintiff Salah N. Osseiran*

---

[1] IFC's coincident filing of its Notice of Appeal on August 23, 2007 essentially nullified the Joint Rule 16.3 Statement, to which the parties had previously agreed and which plaintiff was prepared to file on that date as directed in the Court's August 27, 2007 Order for Initial Scheduling Conference. Plaintiff understands that cancellation of the Initial Scheduling conference would also remove the requirement to file a Rule 16.3 Statement pending further notice.