UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| SALAH N. OSSEIRAN,            ) <br>                                     ) <br>     *Plaintiff*,                 ) <br>                                     ) <br>     *v.*                        ) <br>                                     ) <br> INTERNATIONAL FINANCE    ) <br> CORPORATION,               ) <br>                                     ) <br>     *Defendant.*            ) <br>                                     ) | Civil Action No. 1-06-CV-0336 RWR |

**INTERNATIONAL FINANCE CORPORATION'S
RESPONSE TO PLAINTIFF'S MOTION FOR AN ORDER
CANCELING THE INITIAL SCHEDULING CONFERENCE**

Defendant International Finance Corporation ("IFC"), through its undersigned counsel, hereby responds to Plaintiff's Motion for an Order Canceling the Initial Scheduling Conference Now Set for August 30, 2007. IFC consents to Plaintiff's motion to the extent it requests the cancellation of the August 30 scheduling conference. However, IFC opposes Plaintiff's motion to the extent it seeks scheduling a status conference in September 2007 or implies that Plaintiff can engage in discovery against IFC during the pendency of the appeal. He cannot.

As Plaintiff concedes, the filing of IFC's Notice of Appeal on August 23, 2007 divested this Court of jurisdiction. *See* Pl.'s Mot. at 1 (citing *Princz v. Fed. Republic of Germany*, 998 F.2d 1 (D.C. Cir. 1993)). In particular, "an appeal from the denial of a motion to dismiss on sovereign-immunity grounds . . . divests the district court of jurisdiction over the entire case." *Beaty v. Republic of Iraq*, No. 03-0215(JDB), 2007 WL 1169333, at *2 (D.D.C. Apr. 19, 2007). Thus, Plaintiff cannot engage in discovery until the appeal is adjudicated to finality.

Plaintiff further cannot engage in discovery during the pendency of the appeal because IFC remains immune from discovery.  The sovereign immunity accorded IFC under the International Organizations Immunities Act ("IOIA") entitles IFC to absolute immunity "from suit ***and every form of judicial process***."  22 U.S.C. § 288a(b) (emphasis added); *see also Atkinson v. Inter-Am. Dev. Bank*, 156 F.3d 1335, 1340-41 (D.C. Cir. 1998) (holding that immunity under IOIA is co-extensive with "virtually absolute immunity" accorded foreign sovereigns in 1945).  This immunity safeguards IFC from suit and the "attendant burdens of litigation," including discovery.  *In re Minister Papandreou*, 139 F.3d 247, 251 (D.C. Cir. 1998) (quoting *Foremost-McKesson, Inc. v. Islamic Rep. of Iran*, 905 F.2d 438, 443 (D.C. Cir. 1990)).

For the foregoing reasons, IFC respectfully requests that the Court deny Plaintiff's motion to the extent that it seeks scheduling a status conference in September 2007 or implies that Plaintiff can engage in discovery against IFC during the pendency of the appeal.

Dated: Washington, D.C.
        August 28, 2007

Respectfully submitted,

**WHITE & CASE** LLP

/ s / Frank Panopoulos
Francis A. Vasquez, Jr. (D.C. Bar No. 442161)
Frank Panopoulos (D.C. Bar No. 459365)
701 Thirteenth Street, N.W.
Washington, D.C. 20005-3807
(202) 626-3600

*Attorneys for International Finance Corporation*