UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SALAH N. OSSEIRAN,**<br><br>**Plaintiff,**<br><br>v.<br><br>**INTERNATIONAL FINANCE CORP.,**<br><br>**Defendant.** | Civil Action No. 1-06-CV-336 (RWR/JMF) |

**MEMORANDUM ORDER**

Pending before me is Plaintiff's Motion for an Order Compelling Production of Documents [#56] ("MTC") pursuant to Federal Rule of Civil Procedure 37(a). Plaintiff claims that defendant has failed to produce certain documents in response to Document Request Nos. 13 and 14 of Plaintiff's Second Request for Production of Documents and Electronically Stored Information. MTC at 1. Specifically, plaintiff asserts that defendant International Finance Corporation ("IFC") has failed to produce all relevant documents within its possession, custody, or control that were sent or received at Dauod Khairallah's personal e-mail address, bhamdoun@aol.com. For the following reasons, I will order defendant to file a supplemental submission within ten days of this order.

**I. Background**

Plaintiff brought this case against the IFC because he claims that the IFC breached a promise to sell its shares of Middle East Capital Group ("MECG") to him. Plaintiff's Memorandum in Support of His Motion to Compel Production of Documents [#56] ("Memo. to Compel") at 1. Daoud Khairallah served as defendant's representative to the MECG board of

Directors through November 23, 2005. Id.  He repeatedly objected to a proposed sale of defendant's stock in MECG to plaintiff and ultimately resigned from the Board. Id.  The Chairman of MECG's Board also objected to the sale of the IFC stock to plaintiff and sent a letter of objection to IFC, copying Mr. Khairallah. Id.  According to plaintiff, this "letter 'set in motion a chain of events' that resulted in the [defendant] breaching its promise to sell its shares to [plaintiff]." Id.

During the course of discovery, defendant produced e-mails that had either been sent or were received from an AOL e-mail account, bhamdoun@aol.com. Id. at 2.  Plaintiff did not know to whom the address belonged, until several weeks after deposing Mr. Khairallah. Reply Memorandum in Support of Plaintiff's Motion to Compel Production of Documents [#63] ("Pl. Reply") at 2.  The e-mail address is not easily attributable to Mr. Khairallah based on his name alone, and it appears that even counsel for the defendant was not aware that the address belonged to Mr. Khairallah, as they asked plaintiff during his deposition if he knew whose address it was. Id.  It was eventually deduced that the e-mail account belonged to Mr. Khairallah, and plaintiff immediately contacted defendant by letter and asked that IFC thoroughly examine Mr. Khairallah's documents and electronically stored information ("ESI") and that IFC produce all such documents and information that relate in any way to the issues raised by the lawsuit. Id. at 3.

Defendant's counsel responded to this request, stating that they were further reviewing Mr. Khairallah's documents and ESI, but that counsel did not believe there to be any additional responsive documents. International Finance Corporation's Opposition to Plaintiff's Motion to Compel Production of Documents [#62] ("Def. Opp.") at 4.  Plaintiff also served a second set of requests for production of documents on defendant, seeking "all documents not previously produced which were sent or received by Daoud Khairallah through any means, including the

email account with the address bhamdoun@aol.com, that relate in any way to MECG." Memo. to Compel at 4.  Plaintiff's second set of document requests also sought any correspondence between Mr. Khairallah or any person at White & Case (IFC's counsel) and three named individuals. Id.  Defendant has not produced any responsive e-mails from the AOL account but claims that it has produced all requested documents. Def. Opp. at 4.  Plaintiff filed the instant motion to compel the production of the documents.

## II. Discussion

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense ...." Fed. R. Civ. P. 26(b)(1).  The requested e-mails are certainly relevant to plaintiff's claims, and defendant does not dispute this.  Defendant merely asserts that all of the relevant documents have been produced and that defendant's counsel has certified this fact in IFC's Objections and Responses to Plaintiff's Second Request for Production of Documents. Def. Opp. at 4.  In filing this motion, plaintiff asks me to require defendant's counsel to certify, for a second time, that which they have already certified.  See, e.g., Hubbard v. Potter, 247 F.R.D. 27, 30 (D.D.C. 2008).  Plaintiff bases this request on the fact that defendant has never produced any original e-mails from the AOL account in question. Memo. to Compel at 5.  Thus, plaintiff is in essence speculating, from the lack of production made from the account, that documents have not been produced and production must be compelled.  "Speculation that there is more will not suffice . . . Instead of chasing the theoretical possibility that additional documents exist, courts have insisted that the documents that have been produced permit a reasonable deduction that other documents may exist or did exist and have been destroyed." Hubbard, 247 F.R.D. at 29 (citing Zubulake v. UBS Warburg LLC, 217 F.R.D. 309, 313 (S.D.N.Y. 2003)).  Thus, in accordance with Hubbard and Zubulake, the court insists on more than a hunch on

plaintiff's part to require defendant to recertify that production was complete.

In this case, plaintiff does provide the court with some evidence to support its assertion that defendant has failed to produce all relevant documents.  Defendant has produced e-mails that originated from or were copied to the e-mail address in question; therefore, at the very least, these documents should have been produced from a search of the e-mail. Memo. to Compel at 8. I find that the failure of defendant to produce these e-mails directly from the AOL account raises questions regarding the sufficiency of the search used to find relevant documents within the e-mail account in question.  I will therefore order defendant to provide a supplemental submission providing an explanation of the process by which defendant attempted to comply with plaintiff's request for production of documents, including the method for searching the e-mail account and any search terms used to do so.

### III. Conclusion

**IT IS HEREBY ORDERED** that defendant will provide a supplemental submission to the court no later than ten days from the date of this order detailing the process by which defendant attempted to comply with plaintiff's request for production of documents in regards to e-mail account bhamdoun@aol.com.

**SO ORDERED.**

_____
JOHN M. FACCIOLA
U.S. MAGISTRATE JUDGE