UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Salah N. Osseiran, )<br>)<br>      Plaintiff, )<br>)<br>v. )<br>)<br>International Finance Corporation, )<br>)<br>      Defendant. )<br>_____) | Civil Case No. 1:06-cv-0336 (RWR) |

**PLAINTIFF'S RESPONSE TO INTERNATIONAL FINANCE CORPORATION'S MOTION IN LIMINE TO EXCLUDE THE TESTIMONY AND REPORT OF PLAINTIFF'S REBUTTAL DAMAGES EXPERT BERNARD MOUCHBAHANI**

## INTRODUCTION

Faced with the Court's prior ruling that plaintiff Salah N. Osseiran has carried his burden to present evidence of an enforceable confidentiality agreement, defendant now characterizes as merely "incidental" Osseiran's claim of breach of that agreement. That breach, however, caused Osseiran to suffer substantial damages, so defendant now seeks to exclude Osseiran's rebuttal damages expert from testifying at trial. But defendant's reasons are unavailing. The conclusions of Osseiran's rebuttal expert are expressly predicated on defendant's breach of confidentiality and, thus, are plainly relevant to the remaining claim before the Court. Moreover, it is premature now to exclude Osseiran's rebuttal expert from testifying at trial so long as defendant may call its own damages expert to testify.

## ARGUMENT

**A.  The Court Should Not Rule On Defendant's Motion Until It Is Clear That Defendant Will Not Call Its Expert To Testify At Trial**

Defendant claims that the undersigned "recently expressed his intent to call Mr. Mouchbahani for direct testimony" and that "notwithstanding counsel's newly revised position at

the recent status conference," Osseiran has consistently represented that he intends to prove his damages as a matter of fact without expert testimony. Memorandum in Support of International Finance Corporation's Motion in Limine to Exclude the Testimony and Report of Plaintiff's Rebuttal Damages Expert Bernard Mouchbahani ("Dft's Mem.") at 1, 7. Osseiran's position has not changed, however, and it is defendant who has evolved.

At the recent status conference, when asked by the Court, Osseiran's counsel did represent that Osseiran intended to call his expert to testify at trial, but he did not specify that he intended to call the expert for direct testimony. Indeed, his representation to the Court was entirely appropriate, as defendant's counsel informed the Court at the same status conference that defendant intended to call its expert to testify at trial. Defendant's counsel further advised the Court that defendant intended to file motion in limine to exclude Osseiran's expert from testifying, not because the expert was barred from providing rebuttal testimony absent expert testimony offered by defendant, but solely because the testimony of Osseiran's expert is purportedly not relevant to the claim of breach of the confidentiality agreement.

Receipt of defendant's motion further validated Osseiran's position. At some places in its Memorandum, defendant states that it does not intend to call its damages expert for direct testimony at trial. Dft's Mem. at 1, 9. Elsewhere, defendant states that it "does not intend to call [its expert] Mr. Sequiera for testimony at trial, except to rebut any damages – related testimony that plaintiff is permitted to put on." Id. at 8. Defendant's counsel confirmed his reservation of rights to Osseiran's counsel, when he declined to stipulate, as Osseiran's counsel suggested on March 29, that neither party will call an expert to testify at trial.

Defendant has made it clear, therefore, that it may call its expert to testify at trial on the issue of damages, in which case Mr. Mouchbahani would appropriately be called by Osseiran in

rebuttal. Because the issue cannot be resolved until after defendant rests its case, defendant's request that the Court here and now exclude Mr. Mouchbahani from testifying and exclude his report should be denied as premature.

### B. The Conclusions Of Osseiran's Rebuttal Expert Turn On the Breach Of Confidentiality And, Therefore, Are Relevant

Defendant also claims that Mr. Mouchbahani's testimony and report should be excluded on relevance grounds because "Mr. Mouchbahani has not articulated any conclusion as to damages that Osseiran allegedly may have suffered as a result of the alleged confidentiality breach." Dft's Mem. at 15. Defendant asserts that Mr. Mouchbahani's report is "predicated on the assumption that IFC breached a purported share sale agreement," which has already been rejected by the Court, *id.* at 1, and that neither Osseiran nor Mr. Mouchbahani "has attempted to distinguish or ***independently*** value the damages suffered as a result of IFC's breach of confidentiality from those allegedly suffered as a result of IFC's decision not to sell him its MECG shares...." *Id.* at 5 (original emphasis). Defendant's arguments are either wrong, or beside the point, as a simple review of the expert reports and discovery responses confirms.

Osseiran's response to defendant's Interrogatory 10, which defendant attached to its Memorandum as Exhibit B, plainly states that "[b]ut for IFC's breach of the parties' confidentiality agreement and its promise to sell its 30,000 shares to Osseiran," he would have acquired those and the remaining MECG shares and sold them for a large profit. *See also* Plaintiff's Supplemental Disclosures No. 3, attached to defendant's Memorandum as Exhibit G. There is no need to "distinguish" or "independently value" the damages suffered under each breach, as they amount to the same figure. Had IFC not breached the confidentiality agreement, it would have proceeded with the sale to Osseiran, resulting in Osseiran reaping the profits he instead was denied.

3

DM1\3794762.1

Mr. Mouchbahani's report is similarly predicated on the breach of the confidentiality agreement. Indeed, the same holds true for the report of defendant's expert, to which Mr. Mouchbahani's report responds. Dft's Mem. at 7.

It is telling that defendant does not submit or even discuss the report of its expert, Mr. Sequeira. That is because the report refutes defendant's argument. Mr. Sequeira's report, attached hereto as Exhibit A, notes that Osseiran alleges both that IFC breached a promise to sell its shares to Osseiran and "that IFC breached a confidentiality agreement by disclosing his offer to buy IFC's shares to a third party. Mr. Osseiran seeks total damages of US$6.55 million *due to the alleged breaches*." Expert Report of Kiran P. Sequeira, PE, MBA, ¶ 15 (emphasis added) (citing Osseiran's response to defendant's Interrogatory 10).

Elsewhere, Mr. Sequeira states that "I have been asked by counsel to determine the damages suffered by Mr. Osseiran under the assumption that IFC is liable for 1) the alleged breach of promise to sell its shares to Mr. Osseiran; and 2) the alleged breach of the confidentiality agreement (together "IFC's alleged breaches")." *Id.*, ¶ 17. *See also id.*, ¶ 33 ("*[B]ut for* IFC's alleged breaches," Osseiran would have been able to redeem IFC's shares at a price higher than he paid) (original emphasis); *id.*, ¶ 20 (the value of MECG shares should be assessed at or around the time of "IFC's alleged breaches").

Mr. Mouchbahani similarly makes clear that he was asked to "respond" to the Sequeira report and "within this context, to independently evaluate the damages that Mr. Osseiran has suffered due to International Finance Corporation's *alleged breaches* in connection with the sale of its shareholdings in the Middle East Capital Group (MECG) to First National Bank (FNB)." Expert Report of Bernard Mouchbahani ("Mouchbahani"), ¶ 3 (Doc 42-1) (emphasis added). *See also id.*, ¶ 28 ("Based on the above, the damages to Mr. Osseiran caused by IFC's breaches

4

should be calculated based on the 180,000 shares he would have bought and on which he would have realized a profit *but for* IFC's failure to sell its MECG shares to Mr. Osseiran.") (original emphasis).

Defendant, therefore, is simply wrong when it asserts that Mr. Mouchbahani's conclusions regarding damages do not turn or even touch on IFC's breach of the confidentiality agreement. Dft's Mem. at 8. His conclusions, like those of Mr. Sequeira and like Osseiran's discovery responses, are expressly tied to that breach.

Rather than direct the Court to the plain terms of either the Mouchbahani Report or the Sequeira Report, to which Mr. Mouchbahani responds, and in spite of those plain terms, defendant suggests that Mr. Mouchbahani's opinion is "predicated solely" on breach of an agreement that required IFC to sell its shares, merely because he concluded that Osseiran would have reaped a profit "*but for* IFC's failure to sell its share[s]...to him." Dft's Mem. at 7-8 (citing Mouchbahani, ¶¶ 16, 18, 28, 29). But again, the facts strongly demonstrate that IFC would have sold its shares to Osseiran but for the breach of confidentiality, and it is this factual predicate upon which Mr. Mouchbahani's conclusions rest. Mr. Mouchbahani never "conceded" otherwise in the select deposition excerpts submitted by defendant and, indeed, he was never questioned about the confidentiality agreement by defendant at his deposition. Because Mr. Mouchbahani's conclusions are based directly on defendant's breach of confidentiality, they are plainly relevant to that sole remaining issue before the Court.

## CONCLUSION

Based upon the foregoing, plaintiff Salah N. Osseiran respectfully requests that the Court deny defendant's motion.

Respectfully submitted,

Dated: April 2, 2013

/s/Christopher W. Mahoney
Christopher W. Mahoney (D.C. Bar No. 394416)
Joseph S. Ferretti (D.C. Bar No. 485996)
Duane Morris LLP
505 9th Street, NW
Suite 1000
Washington, D.C. 20004-2166
202-776-7867
Fax: 202-478-0158
Email: CMahoney@duanemorris.com

*Counsel for Plaintiff Salah N. Osseiran*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of April, 2013, a copy of the foregoing Response to International Finance Corporation's Motion in Limine to Exclude the Testimony and Report of Plaintiff's Rebuttal Damages Expert Bernard Mouchbahani was filed electronically, such that notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

/s/ Christopher W. Mahoney
Christopher W. Mahoney

6

DM1\3794762.1