UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SALAH N. OSSEIRAN,<br><br>   Plaintiff,<br><br> v.<br><br>INTERNATIONAL FINANCE<br>CORPORATION,<br><br>   Defendant. | Civil Action No. 06-336<br>RWR/DAR |

## MEMORANDUM OPINION AND ORDER

Plaintiff Salah Osseiran's claim against Defendant International Finance Corporation for breach of a confidentiality agreement proceeded to a bench trial before the assigned United States District Judge, and on June 24, 2013, the Court entered judgment in favor of Plaintiff in the amount of one dollar.[1] *See* Memorandum Opinion (Document No. 97); Final Judgment (Document No. 98). Thereafter, Plaintiff filed a Bill of Costs (Document No. 99), to which Defendant objected (Document No. 100). The Clerk of Court taxed costs in the amount of $24,166.26 against Defendant, explaining that Plaintiff's costs were reduced by $57.50 due to a duplicate request for the cost of the pretrial conference transcript (Document No. 101).[2]

---

[1] Plaintiff brought two other claims against Defendant, *see* Amended Complaint for Injunctive Relief and Damages (Document No. 16), which were resolved in favor of Defendant through previous motions. *See* Memorandum Opinion at 1 n.1 ("Osseiran's claim for breach of contract was previously dismissed under Federal Rule of Civil Procedure 12(b)(6), *see Osseiran v. Int'l Fin. Corp.*, 498 F. Supp. 2d 139, 146-47 (D.D.C. 2007), and his motion for reconsideration of the dismissal was denied . . . . Summary judgment was entered for IFC on Osseiran's claim for promissory estoppel. *Osseiran v. Int'l Fin. Corp.*, 889 F. Supp. 2d 30, 42 (D.D.C. 2012).").

[2] Plaintiff observes that the Clerk of Court correctly identified his duplicate request, but incorrectly calculated the resulting amount of costs. Plaintiff's Opposition to International Finance Corporation's Motion to Retax Costs at 14 n.7. Accordingly, the court will order that the costs for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case," be amended to $10,269.52.

Defendant then filed a Motion to Retax Costs ("Motion") (Document No. 102). This motion was referred to the undersigned United States Magistrate Judge for resolution. Referral to Magistrate Judge (Document No. 104). The undersigned heard argument on the motion on January 24, 2014. Upon consideration of the motion, the memoranda in support thereof and opposition thereto, the arguments of counsel at the January 24, 2014 hearing, and the entire record herein, the undersigned, in accordance with Local Civil Rule 72.2, will grant in part and deny in part Defendant's motion.

**CONTENTIONS OF THE PARTIES**

Defendant moves, pursuant to Federal Rule of Civil Procedure 54 and Local Civil Rule 54.1(e), to "retax the costs assessed by the Clerk of the Court," contending that Plaintiff only obtained *de minimus* relief and is thus not a prevailing party entitled to costs. Motion at 1-2; Motion, Exhibit 1 ("Memorandum") (Document No. 102-1) at 2.[3] In the alternative, Defendant requests that the court retax the costs in the amount of $5,949.48 to account for certain costs claimed by Plaintiff – more specifically, costs associated with an expert witness, transcript preparation, and exhibit binders – that it contends are not eligible under the local rule.[4] Motion at 1-2; *see also* Memorandum at 3-5.

Plaintiff, relying on decisions from this Circuit, contends that he is entitled to costs as the prevailing party in this action since he was awarded nominal damages. Plaintiff's Opposition to

---

[3] In support of its motion, Defendant relies on the opposition that it previously filed to Plaintiff's Bill of Costs, docketed as Document No. 100.

[4] Defendant also challenged Plaintiff's PACER costs, totaling $36.90, noting that "[u]nder PACER policy, each party's counsel is afforded one free download of all case-related materials on the docket." Memorandum at 5-6. Plaintiff then "waive[d] [his] request that the Court tax the $36.90 Pacer Federal Docket costs incurred by plaintiff." Plaintiff's Opposition to International Finance Corporation's Motion to Retax Costs at 15 n.8.

International Finance Corporation's Motion to Retax Costs ("Opposition") (Document No. 103) at 3-5.  In response to the specific costs challenged by Defendant, Plaintiff maintains that the local rule "does not constrain the Court's authority" to award costs under the relevant Federal Rule and United States Code provisions.  *See id.* at 5-15.

**APPLICABLE STANDARD**

Federal Rule of Civil Procedure 54 provides, in pertinent part, that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  Although "Rule 54(d)(1) codifies a venerable presumption that prevailing parties are entitled to costs . . . .  the word 'should' makes clear that the decision whether to award costs ultimately lies within the sound discretion of the district court."  *Marx v. Gen. Revenue Corp.*, 133 S. Ct. 1166, 1172 (2013) (footnote omitted) (citations omitted); *see also Guevara v. Onyewu*, 943 F. Supp. 2d 192, 195 (D.D.C. 2013) (citing *Moore v. Nat'l Ass'n of Secs. Dealers, Inc.*, 762 F.2d 1093, 1107 (D.C. Cir. 1985)) ("Although costs are generally awarded as a matter of course, the district court has discretion in allowing, disallowing, or apportioning costs.").

Section 1920 of Title 28 of the United States Code enumerates certain costs that "[a] judge or clerk of any court of the United States may tax."  The local rules of this court set forth the costs that the Clerk of Court "shall" tax, LCvR 54.1(d), and provide that "[t]he court, on a motion to retax, for good cause shown may tax additional costs or may deny costs allowed by the Clerk pursuant to Section (d)," LCvR 54.1(e).  "In accordance with the presumption that costs are awarded to the prevailing party, 'federal courts have placed on the unsuccessful parties some burden of showing circumstances sufficient to overcome the presumption favoring the prevailing

party.'" *Guevara*, 943 F. Supp. 2d at 195-96 (quoting *Baez v. U.S. Dep't of Justice*, 684 F.2d 999, 1004 (D.C. Cir. 1982)).

**DISCUSSION**

*Prevailing Party Status*

Defendant first contends that the taxation of costs "should be reversed" because "Plaintiff's award of nominal damages on only one of his three claims does not make him the prevailing party and does not entitle him to costs." Motion at 1. Defendant argues that Plaintiff received only "*de minimus*" relief on one claim, despite bringing three claims and seeking "over $6 million in damages." Memorandum at 2.

In *Farrar v. Hobby*, the Supreme Court, reviewing an award of attorney's fees under 42 U.S.C. § 1988, held that "a plaintiff who wins nominal damages is a prevailing party under § 1988." 506 U.S. 103, 112 (1992). The Court reasoned that "[a] judgment for damages in any amount, whether compensatory or nominal, modifies the defendant's behavior for the plaintiff's benefit by forcing the defendant to pay an amount of money he otherwise would not pay." *Id.* at 113. While the *Farrar* decision was in the context of an award of attorney's fees pursuant to a fee-shifting statute, this Circuit has found the *Farrar* decision "instructive" when determining whether a litigant is a prevailing party eligible for costs under Rule 54(d)(1). *See Tunison v. Cont'l Airlines Corp.*, 162 F.3d 1187, 1189-90 (D.C. Cir. 1998). The Circuit noted that "[w]hile there may be reason in some cases to construe the term 'prevailing party' differently depending on whether attorneys' fees or only costs are at issue . . . the 'prevailing party' determination is generally the same in the two contexts." *Id.* at 1189 (citations omitted). Defendant cites *Tunison* and notes that the Court in that case concluded that neither party was a prevailing party under

Rule 54(d)(1). Memorandum at 2. Defendant fails to acknowledge, however, that the *Tunison* Court was reviewing an award of costs to a litigant that obtained a favorable judgment but no damages, and thus found that "[u]nlike the award of nominal damages at issue in *Farrar*, a judgment with no damages at all is not an 'enforceable judgment' - there is simply nothing to enforce." *Id.* at 1190. Unlike the circumstances presented in *Tunison*, Plaintiff obtained damages, albeit nominal.

This court's decision in *FCE Benefit Administrators, Inc. v. George Washington University*, cited by Plaintiff, *see* Opposition at 3, also supports a finding that Plaintiff is a prevailing party. The court, following a bench trial in a breach of contract case, found that there was a "technical" breach and awarded the plaintiff nominal damages in the amount of one dollar. 209 F. Supp. 2d 232, 239, 243 (D.D.C. 2002). Considering the plaintiff's request for attorneys' fees and costs pursuant to a provision in the parties' contract, the court, relying on *Farrar*, concluded that the plaintiff was the prevailing party because it was awarded nominal damages. *Id.* at 245. The court determined that the plaintiff was not entitled to attorneys' fees "[g]iven the limited and technical nature of plaintiff's success," but awarded costs after finding that "[a] plaintiff who is awarded nominal damages for a breach of contract is, however, ordinarily entitled to costs." *Id.* at 245-46.

The undersigned thus concludes that Plaintiff is a prevailing party eligible for costs under Rule 54(d)(1).

### *Costs Claimed*

Having determined that Plaintiff is eligible for costs as a prevailing party, the undersigned now considers Defendant's contentions, *see* Memorandum at 3-5, that certain costs claimed by

Plaintiff are not taxable under 28 U.S.C. § 1920 and Local Civil Rule 54.1(d). The undersigned first addresses Defendant's reliance on the more limited enumeration of costs contained in the local rule in support of its position that certain costs are "not eligible," and its contention that the local rule "clarifies" the costs provided for by statute. *See id.* at 3. Local Rule 54.1(d) enumerates costs that the Clerk of this court "shall" tax; in contrast, the statute enumerates costs that "may" be taxed, 28 U.S.C. § 1920. The local rule does not limit the costs that the court may award under the statute. *See Long v. Howard Univ.*, 561 F. Supp. 2d 85, 97-98 (D.D.C. 2008) (observing that "[t]he categories of allowable costs are set forth in 28 U.S.C. § 1920, and Local Civil Rule 54.1(d) sets forth a list of costs that are taxable as an administrative matter by the Clerk of Court," and noting that "the local rule does not purport to enumerate the entire universe of taxable costs—it addresses only those costs that the Clerk may tax—and certainly does not constrain the authority of the Court to award costs based on the statutory standard").

### Witness Costs

Defendant challenges $10,626 in costs associated with Bernard Mouchbahani, a rebuttal expert witness for Plaintiff. The $10,626 amount reflects his attendance fees and subsistence costs for two days for his deposition and two days for the trial, and round-trip airfare from Beirut, Lebanon for his deposition and for trial. Itemization of Costs (Document No. 99-1) at 2. Defendant contends that under Local Rule 54.1(d)(10), Plaintiff cannot recover these costs because Mr. Mouchbahani did not ultimately testify before the court, and was not "eligible" to testify pursuant to a court order. Memorandum at 3. Defendant further contends that the costs of Mr. Mouchbahani's air travel "do not reflect 'the most economical rate reasonably available.'" *Id.* at 4.

The local rule provides that the Clerk shall tax "witness fees pursuant to 28 U.S.C. § 1821(b), and travel and subsistence costs pursuant to 28 U.S.C. § 1821(c), paid to each witness who testified at a hearing or trial." LCvR 54.1(d)(10). The statute, however, allows costs for "[f]ees and disbursements for . . . witnesses," and does not contain the same limiting language. *See* 28 U.S.C. § 1920(3); *see also* § 1821(a)(1) (authorizing "fees and allowances" for "a witness in attendance at any court of the United States . . . or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States"); § 1821(b) ("A witness shall be paid an attendance fee of $40 per day for each day's attendance.").

Moreover, Defendant's reliance on the Court's April 15, 2013 order, *see* Memorandum at 3, is misplaced. The Court, ruling on Defendant's motion to exclude Mr. Mouchbahani's testimony, noted that "Mouchbahani was retained by the plaintiff [] to respond to the expert report prepared by [Defendant's] expert witness on damages, Kiran Sequeira." Order (Document No. 94) at 1. The Court denied Defendant's motion to exclude, and concluded that Plaintiff "may call Mouchbahani as a rebuttal witness should Sequeira testify . . . ." *Id.* at 3. Plaintiff represents that "[w]hether or not [Mr. Mouchbahani] would be needed to testify as a rebuttal witness . . . was unclear until the eve of the final day of trial, when defendant made its eleventh hour decision not to call Mr. Sequeira as an expert witness." Opposition at 6-7 (citing *Kakeh v. United Planning Org.*, 657 F. Supp. 2d 15, 18 (D.D.C. 2009), in which the court "deemed" the plaintiff's rebuttal witness' fee a "proper cost" where the defendant did not tell the plaintiff "until the trial had already started that it would not be calling" its witness); *see also* Opposition, Exhibit 2 (Document No. 103-2). The undersigned thus concludes that the attendance fees and subsistence costs for Mr. Mouchbahani were properly claimed.

With respect to the cost of air travel for Mr. Mouchbahani's attendance at his deposition and at trial, Defendant submits that "[a] review of a public travel website" demonstrates that Mr. Mouchbahani's airfare was not "the most economical rate reasonably available," as required by statute. Memorandum at 4; *see also* Memorandum, Exhibit A. Plaintiff contends that the rates were reasonable under the circumstances because Mr. Mouchbahani had to purchase the tickets on short notice, and further contends that "it was reasonable and necessary for him to fly business-class" so that he could prepare during the 15-hour flights. Opposition at 8-9.

The statute requires that the "witness shall utilize a common carrier at the most economical rate reasonably available." § 1821(c)(1). Business-class fare is not "the most economical rate reasonably available," and the undersigned thus finds that the costs awarded for Mr. Mouchbahani's airfare must be reduced. The fare amount proposed by Defendant, *see* Memorandum at 4, does not reflect the time-frame under which Mr. Mouchbahani purchased his tickets. Having no other means to determine "the most economical rate reasonably available" at the time he purchased his tickets, the undersigned will reduce the claimed airfare costs by 50 percent. In all other respects, the costs associated with Mr. Mouchbahani are allowed.

<u>Transcripts</u>

Defendant challenges the costs claimed by Plaintiff for the transcripts of Mr. Mouchbahani's deposition, a March 2006 hearing, the pretrial conference, and the trial. Memorandum at 4. Defendant also averred that "Plaintiff should be required to substantiate with proper invoices the costs for any transcript the court will not exclude . . . ." *Id.* at 5. In response to Defendant's concern that Plaintiff did "not provide sufficient documentation" of the costs, Plaintiff provided invoices for the four transcripts in question. *See* Opposition, Exhibit 6.

With respect to the deposition transcript, Defendant contends that the costs are not allowed under the local rule since "the deposition transcript was never used on the record . . . [and] was not designated for trial . . . ." *Id.* The local rule allows the Clerk to tax "the costs, at the reporter's standard rate, of the original and one copy of any deposition noticed by the prevailing party, and of one copy of any deposition noticed by any other party, if the deposition was used on the record, at a hearing or trial." LCvR 54.1(d)(6). However, the statute allows taxation of costs for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). The court in *Guevara*, rejecting the argument that "Local Rule 54.1 limits the costs taxable under Section 1920," noted that

> [t]he necessity of obtaining a deposition transcript is ascertained "as of the time the deposition was taken rather than at the time of the trial." [*Johnson v. Holway*, 522 F. Supp. 2d 12, 18 (D.D.C. 2007)]; *accord Youssef v. FBI*, 762 F. Supp. 2d 76, 86 (D.D.C. 2011). Even if Defendant did not ultimately use the depositions at trial or on the record, that fact is not singularly determinative. *See Sykes v. Napolitano*, 755 F. Supp. 2d 118, 121 (D.D.C. 2010). Even use of the transcripts in preparation for trial may make them eligible for taxation. *See, e.g.*, *Sun Ship, Inc. v. Lehman*, 655 F.2d 1311, 1318 n.49 (D.C. Cir. 1981).

943 F. Supp. 2d at 197; *see also Sykes*, 755 F. Supp. 2d at 120 (citations omitted) ("Depositions are 'necessarily obtained' if they are used to prepare for future depositions, motions, pretrial proceedings, or trial."); *Long*, 561 F. Supp. 2d at 98 (rejecting an argument that deposition transcript costs were "not recoverable because the transcripts were not used at trial or attached to briefs filed with the Court," finding that it was "based on a misunderstanding of the standard governing recovery of costs for deposition transcripts").

Under the statutory standard, the undersigned concludes that Mr. Mouchbahani's deposition transcript was "necessarily obtained for use in the case." As previously discussed,

Plaintiff anticipated calling Mr. Mouchbahani as a rebuttable witness, and "use[d] the deposition transcript to prepare for that testimony." *See* Opposition at 11; Joint Pretrial Statement (Document No. 93) at 19; *cf. Guevara*, 943 F. Supp. 2d at 198 (finding a deposition "necessary" where the defendant "intended to call" the individual "as a witness at trial well after his deposition was taken . . . .").

Similarly, with respect to the March 2006 hearing transcript, the pretrial conference transcript and the trial transcript, Defendant contends that the requirements of Local Rule 54.1(d)(7) have not been met. Memorandum at 5. The local rule provides that the Clerk shall tax "the cost, at the reporter's standard rate, of the original and one copy of the reporter's transcript of a hearing or trial if the transcript: (i) is alleged by the prevailing party to have been necessary for the determination of an appeal . . . or (ii) was required by the court to be transcribed." LCvR 54.1(d)(7). Again, the local rule's specification does not limit the costs awardable under § 1920(2), and Defendant provides no other authority in support of its contention that these transcript costs should be denied. *See* Memorandum at 4-5.

Plaintiff submits that the transcript of the March 2006 hearing, which was a hearing on Plaintiff's motion for preliminary injunction, *see* 03/29/2006 Minute Entry, "was necessary to resolve whether to appeal the Court's ruling on the motion . . . ." Opposition at 13. Plaintiff further submits that the transcript of the pretrial conference was necessary because the court "addressed the admissibility of numerous exhibits and deposition testimony at trial." *Id.*; *see* 04/16/2013 Minute Order (anticipating that the court would rule on the parties' "259 objections" to trial exhibits at the pretrial conference). Plaintiff notes that the parties split the cost of this transcript. Opposition at 13. Finally, with respect to the trial transcript, Plaintiff submits that it

was necessary to prepare proposed findings of fact and conclusions of law. *Id.* at 12; *see Johnson*, 522 F. Supp. 2d at 20 ("Given that the Court ordered the parties to submit proposed findings of fact and conclusions of law following trial and set a briefing schedule based on the date the transcripts would be available . . . it is clear that the transcripts were 'necessarily obtained for use in the case' . . . ."). Accordingly, the undersigned finds that the hearing transcripts at issue were "necessarily obtained for use in the case," and thus, the costs were properly claimed.

### Exhibit Binder Preparation

Defendant challenges $980.64 for the costs of preparing exhibit binders, contending that this "plainly fall[s] outside of the incidental costs covered by § 1920 and Local Rule 54.1(d)." Memorandum at 5.

The court may tax as costs "[f]ees for the exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Plaintiff avers that the parties "used binders to organize the voluminous exhibits introduced at trial, and provided copies of those binders to each other and to the Court in order to ensure a well-presented case." Opposition at 15. The undersigned observes that the $980.64 at issue is separate from the costs that were claimed for copying the exhibits. *See* Itemization of Costs at 2; *see also id.*, Exhibit J (Document No. 99-11). Plaintiff has pointed to no authority from this court that such costs are taxable as "copying" costs, and acknowledges that the court in *Johnson*, while recognizing "a split of authority on this issue" among other courts, determined that "the cost of binders and tabs" for pre-trial exhibits were "not allowable." 522 F. Supp. 2d at 21, 21 n.8. Therefore, the undersigned will deny these costs.

**CONCLUSION**

For the foregoing reasons, it is, this 22nd day of September, 2014,

**ORDERED** that International Finance Corporation's Motion to Retax Costs (Document No. 102) is **GRANTED IN PART AND DENIED IN PART**; and it is

**FURTHER ORDERED** that the Clerk of Court shall retax the costs claimed by Plaintiff by:

    (1) amending the transcript costs to $10,269.52 to correct an arithmetic error; and

    (2) reducing the witness costs by $4,660 to account for a 50 percent reduction in the $5,980 and $3,340 sought for airfare; and

    (3) reducing the copying costs by $980.64 to subtract the costs claimed for exhibit binder preparation; and

    (4) subtracting the $36.90 for PACER costs.

                                                            /s/
                                         DEBORAH A. ROBINSON
                                         United States Magistrate Judge